UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAYEZ AL-BASSREI,

    Petitioner,

v.

A. NEIL CLARK, *et al.*,

    Respondents.

CASE NO. C06-508-MJP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Fayez Al-Bassrei is a native and citizen of Saudi Arabia who is currently in the custody of the U.S. Immigration and Customs Enforcement ("ICE"). On April 6, 2006, he filed, pro se, a Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241, which challenges the lawfulness of his continued detention pursuant to the mandatory detention provision of the Immigration and Nationality Act ("INA"), Section 236(c). (Dkt. #4). Respondents have moved to dismiss, arguing that petitioner is properly detained *not* under INA § 236(c), but under INA § 241(a)(1)(C), which allows for continued detention at the discretion of the Attorney General after an administratively final order of removal. (Dkt. #9).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

REPORT AND RECOMMENDATION
PAGE – 1

(Dkt. #4) be GRANTED and that respondents' cross-motion to dismiss (Dkt. #9) be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

On June 23, 1988, petitioner was convicted in the Circuit Court for the State of Oregon for Lane County of the offense of Contributing to the Sexual Delinquency of a Minor, in violation of the Oregon Revised Statute 163.435. (Dkt. #10 at 153). Petitioner was ordered to pay a fine and was placed on probation for two years. *Id.*

Petitioner was subsequently placed in deportation proceedings in the early 1990's. On September 29, 1993, petitioner failed to appear for his deportation hearing in Portland, Oregon. (Dkt. #10 at 151). The Immigration Judge ("IJ") issued an Order of Deportation, ordering petitioner deported from the United States to Saudi Arabia. *Id.* The deportation order noted that petitioner's counsel was present, but that petitioner had failed to appear, and that "I find that [petitioner] has abandoned any and all claim(s) for relief from deportation/exclusion." *Id.* Petitioner's counsel reserved appeal to the Board of Immigration Appeals ("BIA"). *Id.*

On October 19, 1993, approximately three weeks after the deportation order was entered, petitioner was admitted to the United States at Chicago, Illinois, as a non-immigrant visitor with authorization to remain in the United States for a temporary period not to exceed six months.[1] (Dkt. #10 at 177, 253). Petitioner did not depart.

On March 6, 2000, the BIA issued a decision affirming the IJ's 1993 deportation order and denying petitioner the privilege of voluntary departure. (Dkt. #10 at 152).

On January 24, 2002, the former Immigration and Naturalization Service ("INS") issued a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with being

---

[1] The record indicates that petitioner self-deported on September 28, 1993. (Dkt. #9, Ex. A). It is unclear from the record why petitioner was subsequently admitted to the United States approximately three weeks after the issuance of the September 29, 1993, deportation order.

REPORT AND RECOMMENDATION
PAGE – 2

removable under INA § 237(a)(1)(B), for remaining in the United States longer than permitted, and under INA § 237(a)(1)(A), for being inadmissible at the time of entry due to his conviction of a crime involving moral turpitude. (Dkt. #10 at 253-54).

On February 15, 2002, petitioner married Miranda Louise Nyseth, a United States citizen. (Dkt. #10 at 192). On February 21, 2002, Ms. Nyseth filed an I-130 Petition for Alien Relative on petitioner's behalf, seeking reclassification of petitioner as her immediate relative for immigration purposes. (Dkt. #10 at 175).

On March 28, 2002, the INS filed an additional charge of removability, alleging that petitioner was removable under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(A). (Dkt. #10 at 212-13).

On June 10, 2002, the I-130 petition filed by Ms. Nyseth was approved. *Id.* Two months later, on August 7, 2002, Ms. Nyseth submitted a letter to the INS requesting that the I-130 petition be withdrawn. (Dkt. #10 at 166). Because of Ms. Nyseth's withdrawal of the I-130 petition, the I-130 approval was automatically revoked pursuant to 8 C.F.R. § 205.1(a)(I)(A). (Dkt. #10 at 167). Petitioner and Ms. Nyseth subsequently reconciled, and Ms. Nyseth submitted a Motion to Reopen on November 8, 2002, and a second I-130 Petition for Alien Relative on November 11, 2002. (Dkt. #10 at 21, 215).

On January 10, 2003, prior to the individual calendar hearing, petitioner filed a motion to continue the hearing because neither the motion to reopen nor the I-130 petition had been adjudicated. (Dkt. #10 at 215). The IJ denied petitioner's motion for continuance and the hearing occurred as scheduled on January 10, 2003. (Dkt. #10 at 218). With no alternative application for relief from removal, the IJ found petitioner removable as charged and ordered him removed from the United States to Saudi Arabia. (Dkt. #10 at 62). On January 23, 2003, petitioner appealed the

REPORT AND RECOMMENDATION
PAGE – 3

IJ's decision denying his motion for continuance to the BIA. (Dkt. #10 at 47).

On June 18, 2003, Ms. Nyseth submitted a letter to the INS requesting that the second I-130 petition be withdrawn, explaining that she had obtained a restraining order against petitioner and had filed for a divorce. (Dkt. #10 at 19-20).

On December 31, 2003, the BIA dismissed petitioner's appeal and denied his motion to remand. (Dkt. #10 at 2-3). The BIA noted that petitioner "is only entitled to relief from an Immigration Judge's erroneous denial of a continuance if the [petitioner] establishes that he was prejudiced by the error." (Dkt. #10 at 3). The BIA found that petitioner had failed to establish that he was prejudiced by the IJ's decision to deny the continuance because petitioner's wife had once again withdrawn the second visa petition. *Id.*

On January 16, 2004, petitioner filed a Petition for Review and a motion for stay of removal with the Ninth Circuit Court of Appeals. (Dkt. #9 at 7). On February 25, 2005, the Ninth Circuit dismissed the petition for lack of jurisdiction. On March 8, 2005, petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") and has been detained since that date.

On March 30, 2005, petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Washington. Case No. C05-501-TSZ-MAT, Dkt. #1. On August 9, 2005, the case was transferred to the Ninth Circuit as a Petition for Review pursuant to Section 106(c) of the REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"). Case No. C05-501-TSZ-MAT, Dkt. #22. The Ninth Circuit subsequently entered a stay of removal pendente lite. Petitioner's petition remains pending in the Ninth Circuit.

In October 2005, ICE conducted a custody review of petitioner's case. (Dkt. #9, Ex. A). By letter dated October 14, 2005, ICE Field Office Director A. Neil Clark declined to release

REPORT AND RECOMMENDATION
PAGE – 4

petitioner, stating that, "pursuant to the authority contained in section 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall remain in the custody of ICE pending the result of your appeal before the Ninth Circuit Court of Appeals." *Id.*

On April 6, 2006, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. #4). On May 18, 2006, respondents filed a Return Memorandum and Cross-Motion to Dismiss. (Dkt. #9). Petitioner filed his response on June 2, 2006. (Dkt. #11). Respondents filed their reply on June 9, 2006. (Dkt. #12). The petition and cross-motion to dismiss are now ready for review.

### III. DISCUSSION

#### A. Detention Provisions

Petitioner argues that he is improperly detained under the mandatory detention provision of INA § 236(c), 8 U.S.C. § 1226(c), which provides for mandatory detention without bond. (Dkt. #4 at 8). That statute states, in part, as follows:

> The Attorney General shall take into custody any alien who . . .
>     (B) is deportable by reason of having committed any offense covered in section 237(a)(2)
>         . . .
>     when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

INA § 236(c), 8 U.S.C. § 1226(c). "Petitioner argues that the mandatory detention provision of INA § 236(c) should not be retroactively applied to him, because his removal proceedings were initiated before the effective date of the statute, October 9, 1998, and 2) § 1226(c) violates the due process and equal protection clauses of the Fifth Amendment." (Dkt. #4 at 8). Petitioner further argues that he is not subject to mandatory detention under INA § 236(c) because he was not taken

REPORT AND RECOMMENDATION
PAGE – 5

into immigration custody until nineteen years after his criminal offense ended. (Dkt. #4 at 17). According to petitioner, he was not detained when he was released from state custody as required by the express language of the statute. *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1231 (W.D. Wash. 2004)(holding that "the mandatory detention statute, INA § 236(c), does not apply to aliens who have been taken into immigration custody several months or years after they have been released from state custody"). Petitioner contends that he is entitled to release on bond because he is not a flight risk or a danger to the community. (Dkt. #11 at 8).

Respondents argue that petitioner is properly detained *not* under INA § 236(c), but under INA § 241(a)(1)(C), which allows for continued detention at the discretion of the Attorney General after an administratively final order of removal. (Dkt. #9). Respondents argue that once an administratively final order of removal has been entered, detention shifts from INA § 236, 8 U.S.C. § 1226, to INA § 241(a), 8 U.S.C. § 1231(a). Respondents contend that petitioner's removal period has, in fact, begun because his order of removal is administratively final, and he is therefore being held under INA § 241. (Dkt. #9 at 8). Respondents note that they do not contend that petitioner is subject to mandatory detention. Rather, respondents state that petitioner is *eligible* for release on bond, but that ICE has decided to exercise its discretion and lawfully deny petitioner release. (Dkt. #12 at 5).

INA § 236 provides the framework for the arrest, detention, and release of aliens in removal proceedings. INA § 236, 8 U.S.C. § 1226. Once removal proceedings have been completed, detention and release of the alien shifts to INA § 241, 8 U.S.C. § 1231. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1). Section 241(a)(1)(B) provides:

The <u>removal period</u> begins on the latest of the following:

REPORT AND RECOMMENDATION
PAGE – 6

> (i) The date the order of removal becomes administratively final.
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Accordingly, under the plain language of INA § 241(a)(1)(B)(ii), if a judicial court stays an alien's removal pending judicial review, the removal period does not begin until that court has issued a final order, and the alien continues to be detained under Section 236. *See Quezada-Bucio*, 317 F. Supp. 2d at 1224 (holding that the "removal period" begins on the latest of the following: the date the order of removal becomes administratively final, or, if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.). Here, the Ninth Circuit has issued a stay of removal pending its review of petitioner's administrative removal order. "Because Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to INA § 236." *Quezada-Bucio*, 317 F. Supp 2d at 1224.

Respondents cite one unpublished decision from this Court and one decision from another jurisdiction for the proposition that once a removal order is administratively final, an alien is subject to "post-removal-order" detention under Section 241. *Glassia v. Coleman*, C02-1222R, Dkt. #33; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002). However, the Court is persuaded by other well-reasoned authority, including a more recent published decision from this Court, indicating that 236 (the pre-removal-order provision) applies to petitioner. *See Quezada-Bucio v. Ridge*, 317 F. Supp. 2d at 1224 (holding that the "removal period" begins on the latest of the following: the date the order of removal becomes administratively final, or, if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's

REPORT AND RECOMMENDATION
PAGE – 7

final order.); *see also Morena v. Gonzales,* 2005 WL 3277995, *3-4 (M.D. Penn. 2005); *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003); *Clavis v. Ashcroft*, 281 F. Supp. 2d 490, 493 (E.D.N.Y. 2003)("Because the Court entered a temporary stay of deportation, up to this point petitioner has remained in INS custody pursuant to Section 236."); *Milbin v. Ashcroft*, 293 F. Supp. 2d 158, 161 (D. Conn. 2003)("Until this decision is filed, Milbin continues to be subject to mandatory detention under § 236(c), as this Court's stay order . . . remains in effect."). The Court concludes that petitioner is being held pursuant to INA § 236(a), and that his removal period has not yet begun. Because petitioner is being held pursuant to INA § 236(a), he is entitled to an individualized bond hearing pursuant to the general release terms of INA § 236(a).

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be GRANTED, and that respondents' cross-motion to dismiss be DENIED. A proposed Order accompanies this Report and Recommendation.

DATED this <u>1st</u> day of August, 2006.

s/ James P. Donohue
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 8